[No. 17510. Department One. December 21, 1922.]

CLARENCE RANDALL, *Plaintiff*, v. THOMAS MOLESWORTH, *Defendant.*

GEORGE T. WEAVER, *Intervener, Respondent*, v. WHITE RIVER LUMBER COMPANY, *Intervener et al., Appellants.*[1]

MECHANICS' LIENS (98, 99)—JUDGMENT (12)—ENFORCEMENT—DISTINGUISHED FROM ORDERS. An order requiring the sheriff and purchaser at a mechanics' lien foreclosure sale to pay a lienor whose claims had not been satisfied, is not a second final order in the case but merely in aid of the foreclosure decree, the sheriff having failed, as directed by statute, to pay the proceeds of the sale to the clerk of the court, or see that all the judgments were satisfied as directed in the decree.

APPEARANCE (6)—WAIVER OF OBJECTIONS BY. Objection to the authority of the court to enter an order directing proper application of the proceeds of a mechanics' lien foreclosure cannot be made by one who, without any special appearance, filed an answer and produced witnesses and submitted to the jurisdiction of the court.

Appeal from a judgment of the superior court for Walla Walla county, Miller, J., entered February 18, 1922, upon findings in favor of plaintiff intervener, directing the application of the proceeds of a sheriff's

[1]Reported in 211 Pac. 279.

sale on foreclosure of mechanics' liens, after a hearing on the merits. Affirmed.

*Edward A. Davis,* for appellants.

*H. B. Noland,* for respondent.

MITCHELL, J.—By primary complaints and complaints in intervention, three laborers' liens and one materialman's lien were foreclosed against certain real property belonging to Thomas Molesworth. By consent of the parties, the actions were consolidated for trial and a single judgment of foreclosure entered. The labor claimants were Randall, Stahl and Weaver. The materialman's lien was in favor of the White River Lumber Company, hereinafter spoken of as the lumber company. Randall and Stahl were represented by an attorney other than the one who represented both Weaver and the lumber company. Upon an order of sale, the sheriff sold the real property involved to the lumber company for an amount sufficient to satisfy all the judgment creditors, together with all costs. The sheriff's return of sale included a receipt given by the lumber company showing that all money realized at the sale had been turned over to it by the sheriff. It appears that the lumber company paid Randall and Stahl the amounts they were entitled to.

Weaver, not having been paid anything, represented by another attorney, seasonably filed a petition setting up the facts and asking for an order directing the lumber company and the sheriff to show cause why they should not be required to pay the amount of his judgment, $689.72, together with interest, costs, and attorney's fees, less $411.15 which he admitted he owed the lumber company.

In response to the petition, the lumber company and sheriff, appearing together generally and not specially

filed their duly verified answer, alleging in effect that, prior to the appearance of Weaver and the lumber company in the foreclosure action, he was indebted to the lumber company in an amount in excess of his labor lien claim, that he was unable to supply expense money to foreclose it, and that he assigned and transferred it or his right of action thereon to the lumber company with authority to it to foreclose his lien in his name with the understanding that the lumber company would purchase the real estate at the sheriff's sale if necessary to protect the liens of both; that it was further agreed between them that, in the event the lumber company did buy the land at the sheriff's sale, it should be held by the lumber company until such time as a sale of it could be made at a price sufficient to pay all prior liens and the lien of the lumber company, but in no other event should the lumber company be required to pay any money to Weaver. The answer further alleged that, pursuant to the agreement and not otherwise, the Weaver lien was foreclosed in his name, that the lumber company purchased the property at sheriff's sale and still has the land, being unable to sell it for enough to satisfy all the claims and costs, and that there is nothing now due to Weaver. The prayer of the answer was that they be discharged and that the petition of Weaver be dismissed. A duly verified reply put in issue the allegations of the answer.

Without objections, the matter came on for hearing before the court upon evidence submitted by the respective parties, whereupon each duly presented and requested written findings of fact and conclusions of law in his favor. The decision was in favor of Weaver, and it appears from very elaborate findings of fact and conclusions of law made and entered that the parties went into a complete accounting, whereupon it

was found and concluded that, of the amount realized by the sheriff at the foreclosure sale, there was still due Weaver the sum of $296.15, which the sheriff and the lumber company were ordered to pay. From that order, the lumber company and the sheriff have appealed.

No exceptions were taken to the refusal of the court to sign the written findings and conclusions requested by the appellants, nor to the findings and conclusions in favor of the respondent that were signed and entered in the case.

Appellants present no formal assignment of error, but argue generally that the trial court, without any authority, attempted to enter a second final judgment in the case; the first one, foreclosing the liens; and the second one, the one complained of, against the lumber company and the sheriff in favor of Weaver; and further that the court had no power or jurisdiction to enter such judgment upon a petition and citation thereon rather than a summons and complaint in an independent action against the lumber company and the sheriff.

As to the so-called judgment now complained of, it is nothing more, in legal effect, than an order made by the court, upon proper showing, in aid of and for carrying out the terms and provisions of the decree of foreclosure fixing the priorities of the several judgment creditors and prescribing the manner in which funds derived from the sheriff's sale should be applied. The order is against the lumber company, who was already a party to the action, and also against the sheriff, who by the process of the court was directed to carry out the order of sale for the satisfaction of the judgment according to its terms, and who appeared generally in the present proceedings in support of the contention made by the creditor last entitled to the application of

the funds to whom the sheriff had paid all the money realized, instead of paying it into the office of the clerk of the court as directed by statute or seeing to it that the Weaver judgment was satisfied as provided for by the terms of the decree. Further, appellants cannot successfully complain because, without making any special appearance, they filed an answer, produced witnesses, proposed findings and conclusions and submitted to the jurisdiction of the court.

As to the jurisdiction of the court, we have just seen it had jurisdiction of the parties. They actually appeared in court by their written answer. It had cognizance of the class of cases or of the matter wherein the order appealed from was made, by virtue of the law; while the point decided by the court was not only, in substance and effect, but specifically, within the issues presented by the written altercations of the parties.

The order appealed from being clearly supported by the findings of fact and conclusions of law entered by the trial court, it is affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.